# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL L. BROWN,**

       **Plaintiff,**

-vs-                                                                                                        Case No. 6:03-cv-45-Orl-KRS

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL**
**SECURITY,**

       **Defendant.**

_____

## ORDER

This matter came before the Court for consideration without oral argument on the complaint filed by Michael L. Brown seeking review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for social security disability benefits. Doc. No. 1. The Commissioner answered the complaint and filed a certified copy of the transcripts of the proceedings before the Social Security Administration ("SSA"). Doc. Nos. 17, 49. The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Middle District of Florida Local Rule 6.05 for adjudication. Doc. Nos. 11, 12.

In the present case, Brown did not timely submit a request for review by the Appeals Council of a decision rendered by an administrative law judge (ALJ). I previously remanded the case to permit the Appeals Council to consider whether good cause existed to extend the time for requesting review. Brown, through his attorney, presented information in an attempt to establish

good cause for the belated request for review. The Appeals Council determined, however, that the information presented by Brown did not establish good cause. Therefore, it dismissed Brown's request for review. Supp. TR. 5-9.[1] The only question before this Court is whether the Appeals Council abused its discretion in dismissing the request for review. *See Waters v. Massanari*, 184 F. Supp. 2d 1333 (N.D. Ga. 2001), and cases cited therein.

Brown contends that the failure timely to request review of the ALJ's decision by the Appeals Council resulted from the SSA's failure to notify him, through his representatives, that the ALJ had rendered a decision. The information presented by Brown establishes, however, that the failure to notify his representatives of the ALJ's decision resulted from the confusion in the record created by Brown's representatives, rather than an error by the SSA.

In sum, the evidence shows that Brown was initially represented by attorney Larry Polsky. In the "Appointment of Representative" dated March 19, 1999, Polsky listed his address as 619 N. Grandview Avenue, Daytona Beach, Florida 32118. TR. 49. At the hearing before the ALJ, however, attorney Robert Ginsberg appeared on behalf of Brown. Ginsberg completed an "Appointment of Representative" form at the hearing, but he provided no address on the form. Supp. TR. 14. There is no indication in the record whether Ginsberg was affiliated with Polsky or merely "standing in" for Polsky. However, after the hearing, Polsky continued to represent Brown. *See* Supp. TR. 21, 22, 23, 26.

The ALJ rendered a decision denying Brown's application for benefits on January 23, 2001. On the same date, the SSA mailed a copy of the decision with a notice of denial to Brown

---

[1] The designation "Supp. TR." refers to the transcript of the proceedings following my remand of the case. Doc. No. 49.

at his address of record, 1510 N. US 1, Ormond Beach, Florida 32174,[2] and to Ginsberg at the Law Offices of Larry Mark Polsky, 619 N. Grandview Avenue, Daytona Beach, Florida 32118. Supp. TR. 25; TR. 35-37. The notice advised the recipients of the right to request review of the ALJ's decision by the Appeals Council and the time limits in which to request such review. *Id.* The notice sent to Polsky's address was apparently returned to the SSA because it listed Ginsberg, rather than Polsky, as the addressee. Supp. TR. 23, 25. There is no evidence, however, that the copy of the notice and decision that was sent to Brown was not delivered to him.[3]

After reviewing the information submitted, the Appeals Council concluded that Brown, personally, received notice of the ALJ's decision as a result of the SSA mailing the notice and a copy of the decision to Brown on January 23, 2001. Supp. TR. 7. It correctly notes that Brown is a high school graduate. TR. 57. He can read and write. TR. 57-58. There is no indication that Brown has mental impairments. *See, e.g.,* TR. 68. Thus, substantial evidence in the record supports the Appeals Council's finding that Brown received notice of the ALJ's decision, and that Brown was able to read and understand the provisions in the notice regarding the time limit on his right to appeal.

---

[2] Brown had various addresses through the early course of the SSA proceedings. In his request for review of the ALJ's decision dated December 14, 1999, Brown listed his address as 1510 N. US 1, Ormond Beach, Florida 32174. TR. 86. This remains the address of record for Brown.

[3] Counsel submitted a copy of an envelope sent by Polsky to Brown at 1510 North US 1, Ormond Beach, FL, in February 2001. The envelope has a handwritten notation "not at this address," but there is no evidence who wrote the note on the envelope. The envelope also bears a typed notation, "RTN TO SENDER/INSUFFICIENT ADDRESS." Supp. TR. 30. It is unclear whether this envelope was returned for lack of a zip code, or for some other reason. Nevertheless, it is undisputed that 1510 N. US 1, Ormond Beach, Florida 32174 continues to be the address of record for Brown. *See* Supp. TR. 18.

No evidence was presented as to why Brown did not submit a request for review after receiving the notice of the ALJ's decision, or contact his attorney and request the attorney to file such a request. Under these circumstances, I find that the Appeals Council's decision to dismiss Brown's request for review because it was not timely submitted is not arbitrary or unreasonable and, accordingly, that the decision was not an abuse of discretion.

Brown argues that the Court may, nevertheless, consider the merits of his appeal because the SSA submitted new evidence to the ALJ to determine whether it warranted any change in the ALJ's decision. *See* TR. 6. Brown argues that this referral is an implied reopening of his case. Brown offers no law supporting this argument. He submits a letter from the appeals counsel to the ALJ which states that the Appeals Council treated the new evidence as "an implied *request* for reopening of the final decision on this case." Doc. No. 34, ex. A (emphasis added). There is no evidence, however, that the SSA actually reopened the case. Therefore, the record does not support the argument that Brown's case was reopened by the SSA.

Because Brown did not exhaust his administrative remedies by timely seeking review of the ALJ's decision by the Appeals Council, he may not obtain judicial review of the merits of the SSA's decision. *See Waters*, 184 F. Supp. 2d at 1338. Accordingly, the Court may not consider Brown's arguments addressed to the merits of the ALJ's decision.

It is, therefore, **ORDERED** that the decision of the SSA is **AFFIRMED**. The Clerk of Court is directed to issue a judgment consistent with this Order and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on September 8, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties